Case 1:22-mj-00137-ZMF   Document 1-1   Filed 0

Case: 1:22−mj−00137
Assigned To: Magistrate Judge Zia M. Faruqui
Assign. Date: 6/10/2022
Description: Complaint with Arrest Warrant

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven Letteney, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF"), Washington Field Division, Washington, D.C. (hereinafter Affiant"), being duly sworn, deposes and states as follows:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been employed in this position since October 2014. Prior to my employment with ATF, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service, for approximately five years. I am presently assigned to Falls Church Group I of the Washington Field Division of the ATF. This group runs the Washington, D.C. Arson and Explosives Task Force, which is responsible for investigating Arson and Explosives incidents in Washington, D.C., and Northern Virginia. Additionally, I am assigned to the Federal Bureau of Investigation's (FBI) Washington Field Office, Joint Terrorism Task Force (JTTF). The JTTF is responsible for investigating acts and allegations of terrorism in Washington, D.C., and Northern Virginia.

2. I have received training and experience in many types of investigations and investigative techniques to include, but not limited to: interviewing and interrogation techniques, surveillance techniques, arrest procedures, search and seizure, and asset forfeiture. I have specific and extensive additional training and experience with explosives and explosive investigations. I have received specific training and experience in the protection of both foreign and domestic diplomats and diplomatic facilities and the response to/investigation of attacks on the same. I have

been involved in a wide variety of investigations to include: firearms, explosives, tobacco, gang, organized crime, money laundering, drug and terrorism investigations.

5. On the basis of interviews with witnesses and other members of law enforcement who are involved in this investigation, and on the basis of other information which I have reviewed and determined to be reliable, I allege that the following facts show that there is probable cause to believe Benjamin GABRINSKI violated Title 18, United States Code, Section 970 (Protection of Property Occupied by Foreign Governments).

6. This affidavit is based upon information witnessed by me or provided to me by other law enforcement officers/agents, informants, and witnesses, all of whom I believe to be credible. Because this affidavit is being submitted for the limited purpose of showing probable cause for the arrest of GABRINSKI, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause.

## RELEVANT STATUTORY PROVISIONS

**18 U.S. Code § 970** - Protection of property occupied by foreign governments
(a) Whoever willfully injures, damages, or destroys, or attempts to injure, damage, or destroy, any property, real or personal, located within the United States and belonging to or utilized or occupied by any foreign government or international organization, by a foreign official or official guest, shall be fined under this title, or imprisoned not more than five years, or both.

## PROBABLE CAUSE

8. On May 29th, 2022, at approximately 1:48 A.M., the Foreign Missions Branch Control Center (FMBCC) of the United States Secret Service was notified by the Dispatch Center for I.C.S. Protective Services, that a Special Police Officer (hereinafter referred to as SPO-1) was being "harassed continuously" while sitting a fixed security post in front of the Embassy of the People's Republic of China, located at 3505 International Place NW, Washington, D.C.

(hereinafter referred to as the Embassy). The Dispatch Center further advised that the suspect in question was described as a white male, 6'04" to 6'05" in height, wearing a blue shirt, blue jeans and a black backpack, and that he appeared to throw objects towards the Embassy. At 1:48 A.M., the FMBCC also dispatched United States Secret Service (USSS) officers to assist at the Embassy, part of USSS duty.

9. At 1:53 A.M., officers arrived on scene, met with SPO-1, who advised the suspect was no longer on the scene. SPO-1 further advised that the suspect in question threw what was possibly a rock in the direction of the Embassy and stated to him "Next time, it's going to be a firebomb!"

10. At 1:55 A.M., a USSS Officer (hereinafter referred to as Officer-1) was subsequently flagged down by an individual matching the description of the suspect on the southwest corner of Connecticut Avenue and Van Ness Street NW. Officer-1 initiated a stop on the suspect, who was a white male, approximately 6'00" in height with short brown hair, a black short sleeve shirt and blue jeans, wearing a black backpack. Officer-1 identified this suspect via his state of Illinois Identification Card and a U.S. Department of Veteran Affairs card as Benjamin J. GRABINSKI (herein, GRABINSKI). During the stop, GRABINSKI stated to Officer-1 that he traveled from Chicago to Washington, D.C. to show his discontent for the Chinese Government, and that he threw a "small rock" at the Embassy of the People's Republic of China. A photograph of GRABINSKI was taken and shown to SPO-1. SPO-1 positively identified the suspect photographed as the same individual that threw an object toward the Embassy and made the statement "Next time, it's going to be a firebomb!"

11. On June 9, 2022, at approximately 7:08 A.M., a special police officer (hereinafter referred to as SPO-2) was working in the vicinity of the Embassy of the People's Republic of

China located at 3505 International Drive Northwest, Washington, D.C.[1] SPO-2 witnessed an individual walk up to the Embassy holding a glass bottle with a black cloth extending from its neck. This individual, described as a white male wearing black clothing, then attempted to light the black cloth with a lighter, but failed to light the fabric.  This individual then threw the bottle over the vehicular gate into the Embassy causing the glass to shatter upon impact.



*A photographic still shot of the incident*

---

[1] A representative of the United States Department of State confirmed that this facility is a registered diplomatic facility with the Department of State



12.     SPO-2 relayed this information to a uniformed United States Secret Service (USSS) Officer (Officer-2) in the vicinity, who then passed the individual's description to other officers via radio.

13.     Almost immediately, within minutes, another USSS Officer (Officer-3) heard this description via radio and observed an individual generally matching that description on the sidewalk at the intersection of Van Ness Street Northwest and Connecticut Avenue Northwest, Washington, D.C. This intersection is approximately two to three blocks from the Embassy. Officer-3 detained the individual and requested identification. He was identified as GRABINSKI. When GRABINSKI was detained, he was carrying a black backpack. He was not wearing black clothing. Rather, his shirt was dark blue and he was wearing blue jeans.

14. While detained by Officer-3, GRABINSKI spontaneously uttered, "I tried to light it, but it didn't work, so I just threw it." GRABINSKI was subsequently placed under arrest by the USSS.[2]

15. A search incident to arrest of GRABINSKI uncovered a blue-colored Bic lighter in his left pocket. A search of the backpack located on his person contained numerous items, notably several pairs of black cloth socks matching the type found at the Embassy. Surveillance video provided to investigators by the Embassy depicted an individual wearing dark colored clothing and no sleeves, carrying a dark colored backpack approach the Embassy. This individual, as depicted by surveillance, is consistent with the description of the suspect as well as GRABINSKI himself. On the video, GABRINSKI is observed throwing an object over the vehicular gate, as described by SPO-2. SPO-2 later identified GRABINSKI as the person he saw earlier.

16. The Embassy allowed USSS officers to enter the property and collect evidence after the event. The USSS collected from within the Embassy grounds broken fragments of the bottle described above, which upon further preliminary examination appears to be a glass beer bottle. Outside of the Embassy grounds, officers collected the black cloth that was described by SPO-1. Upon collection, the cloth appears to be black socks. Additionally, a rubber band was collected near the cloth/sock material.

17. Statements obtained from witnesses describe the liquid from the bottle smelling like gasoline or alcohol. Officers collected the evidence and placed it into a sealed can.

18. Initial observations of the bottle, its fragments, and the evidence is consistent with the materials needed to create what is informally known as a firebomb or Molotov cocktail. It is formally identified as an improvised incendiary bomb. At this time, the ATF is conducting an

---

[2] A family member of GABRINSKI claimed that he had or has a mental health diagnosis, but your affiant is unable to verify the accuracy of this claim at this time.

analysis of the evidence to make a formal determination as to whether the device was in fact a destructive device.

## **CONCLUSION**

Your affiant alleges the aforementioned facts show that there is probable cause to believe that Benjamin GRABINSKI willfully injured, damaged, or destroyed, or attempted to injure, damage, or destroy, any property – real or personal – located within the United States and belonging to or utilized or occupied by any foreign government or international organization, and thus violated Title 18, United States Code, Section 970(a) and Section 2.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Special Agent Steven Letteney
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me on this 10th day of June 2022.

_____
Honorable Zia M. Faruqui
United States Magistrate Judge